THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MELISSA PHILLIPS<br>9110 Willow Gate Ln<br>Bethesda, MD 20817<br><br>   Plaintiff,<br><br>V.<br><br>BRITISH AIRWAYS PLC<br>Waterside<br>P.O. Box 365<br>Harmondsworth, UB7 0GB<br>United Kingdom<br><br>  <u>Serve</u><br>  C T CORPORATION SYSTEM<br>  28 Liberty St.,<br>  New York, NY 10005<br><br>   Defendant. | Civil Action Number: 1:25-cv-362 |

## COMPLAINT

COMES NOW Plaintiff Melissa Phillips, by her attorneys, Simeone & Miller, LLP, and for her Complaint against Defendant British Airways PLC (hereinafter, "Defendant") alleges the following upon information and belief:

## SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, May 28, 1999) (hereinafter the "Montreal Convention"), which both the United States of America and the United Kingdom have either signed and/or adopted. Specifically, under Article 33(1) and (2) of the Montreal Convention, Defendant has a place of business and does business in this District; the place of ultimate destination in the contract of carriage of Plaintiff

1

for this roundtrip ticket was Dulles International Airport ("IAD"), located in this District; to which Defendant operates services for the carriage of passengers by air.

2. Plaintiff resides at the above captioned address.

3. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

4. This Court maintains personal jurisdiction over Defendant in this matter pursuant to F.R.C.P. Rule 4(k)(2), insofar as the Defendant has certain minimum contacts within the Eastern District of Virginia such that the maintenance of the suit in this District does not offend traditional notions of fair play and substantial justice.

5. Personal jurisdiction is also appropriate in this matter as the flight itinerary in question terminated at Dulles International Airport in Virginia.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as Plaintiff's flight itinerary terminated at Dulles International Airport in the Eastern District of Virginia.

## PARTIES

7. Plaintiff was and is a citizen of Maryland and permanently resides in Montgomery County, Maryland.

8. At all times herein relevant, Defendant was and is a foreign corporation authorized to do business in the Commonwealth of Virginia.

9. At all times herein relevant, Defendant was and is a common carrier engaged in the business of transporting passengers for hire by air.

## GENERAL ALLEGATIONS

10. At all times herein relevant, Defendant employed a flight crew responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

11. At all times herein relevant, Defendant was responsible for the training, management, supervision, and/or control of its flight crew, including but not limited to the crew's adherence to standard safety policies and protocol.

12. On or about March 20, 2023, Plaintiff, was traveling on an international itinerary from Ben Guiron International Airport (TLV) in Tel Aviv, Israel to Dulles International Airport (IAD) in Dulles, Virginia.

13. On or about March 20, 2023, Defendant operated and controlled a certain aircraft, designated as British Airways Flight BAW162 / BA162 (the "subject aircraft"), from Ben Guiron Airport (TLV) in Tel Aviv, Israel to Heathrow Airport (LHR) in London, England (the "subject flight").

14. On or about March 20, 2023, Plaintiff, was a fare-paying passenger lawfully aboard the subject flight.

15. On or about March 20, 2023, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant.

16. On or about March 20, 2023, the subject flight was deplaned at Heathrow Airport via the use of a mobile stairway (the "subject stairway").

17. On or about March 20, 2023, Defendant was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

18. On or about March 20, 2023, Defendant was responsible for the service, maintenance, inspection, and/or repair of the subject stairway.

19. On or about March 20, 2023, Defendant was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

20. On or about March 20, 2023, Defendant was responsible for the training, management, supervision, and/or control of the crew operating the subject stairway, including but not limited to the crew's adherence to standard safety policies and protocol.

## CAUSE OF ACTION

### (Violation of Article 17 of Montreal Convention)

### By Plaintiff Against Defendant

21. Plaintiff refers to each and every paragraph above and incorporates those paragraphs as though set forth in full in this cause of action.

22. On or about March 20, 2023, while disembarking from the subject aircraft, Plaintiff was injured as the result of an accident.

23. Specifically, Plaintiff was caused to fall on the subject stairway while disembarking from the subject flight.

24. Plaintiff's aforesaid injuries resulted from an incident pursuant to Article 17 of the Montreal Convention, insofar as her injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the aircraft.

25. As a direct and proximate result of the aforesaid incident, Plaintiff suffered bodily injuries which have caused, and will continue to cause, physical and mental pain and suffering, and inconvenience. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and other expenses related to her injuries. Plaintiff was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

26.     As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff, pursuant to the Montreal Convention.

27.     Defendant cannot meet their burden of proving that their negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff.

28.     Defendant cannot meet their burden of proving that the injuries suffered by Plaintiff, were caused solely by the acts of third parties.

\* \* \*

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial but believed to be no more than Three Million Dollars ($3,000,000.00) in compensatory damages, plus costs of suit, pre- and post-judgment interest and such other and further relief as this Court deems just and proper.

Dated: February 25, 2025                                                RESPECTFULLY SUBMITTED,

**/s/ Michael C. Robinett**
Michael C. Robinett, #91707
SIMEONE & MILLER, LLP
1825 K St, NW, Suite 650
Washington, DC  20006
(202) 628-3050
Fax: (202) 466-1833
mrobinett@simeonemiller.com
*Counsel for Plaintiff*

## **Jury Demand**

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: February 25, 2025                              RESPECTFULLY SUBMITTED,

**/s/ Michael C. Robinett**
Michael C. Robinett, #91707
SIMEONE & MILLER, LLP
1825 K St, NW, Suite 650
Washington, DC  20006
(202) 628-3050
Fax: (202) 466-1833
mrobinett@simeonemiller.com
*Counsel for Plaintiff*